The plaintiff, Alan Roy Hollander, appeals from a judgment of dismissal entered in the Superior Court. The defendants' motion to dismiss was allowed on the basis that the plaintiff was unable to prove the requisite elements of his medical malpractice claim due to his inability to introduce various medical publications in evidence. For the reasons set forth below, we affirm.
Background. The plaintiff, an attorney proceeding pro se, filed a medical malpractice action against the defendants on May 1, 2014. Based on our reading of the limited record before us,[3] the plaintiff alleged that David M. Vernick (defendant) was negligent in failing to timely diagnose an acoustic neuroma in his right ear. The plaintiff moved in limine to admit various medical publications, including articles found on the Internet, in evidence to prove the standard of care the defendant was required to exercise in treating the plaintiff and the defendant's breach of that duty.[4] The plaintiff intended to rely solely on those publications to prove the elements of duty and breach; he sought to admit the publications via G. L. c. 233, § 79C, or, alternatively, G. L. c. 233, § 79B. In an attempt to comply with the evidentiary requirements of both statutes, the plaintiff informed the motion judge that he intended to introduce biographical information about the publication authors, including an undated curriculum vitae and printouts found on the Internet, indicating that the authors were board certified in otolaryngology or medical school professors. The plaintiff explicitly stated that he did not intend to introduce the medical publications through any other means, including the testimony of a witness.
The motion judge concluded that the plaintiff could not prove that the authors of the articles were "expert[s] on the subject," G. L. c. 233, § 79C, as appearing in St. 1965, c. 425, or that the documents were "commonly ... used and relied upon" by otolaryngologists, G. L. c. 233, § 79B, inserted by St. 1947, c. 385, § 1, via the biographical information of the authors alone. The motion judge then dismissed the case at the request of the defendants after concluding that the plaintiff could not prove the required elements of his case, given his intention to rely solely on the publications to prove the elements of duty and breach.
Discussion. 1. Statements of facts of general interest. The plaintiff first argues that the medical publications were admissible pursuant to the hearsay exception set forth in G. L. c. 233, § 79B. See Mass. G. Evid. § 803(17) (2018).
Before evidence may be admitted under G. L. c. 233, § 79B, the trial judge must first find that "the proposed exhibit is (1) issued to the public, (2) published for persons engaged in the applicable occupation, and (3) commonly used or relied on by such persons." Mazzaro v. Paul, 372 Mass. 645, 652 (1977). Here, the plaintiff sought to prove that the medical publications were commonly used or relied on by otolaryngologists by providing documentation that the authors of those publications were board certified otolaryngologists or medical school professors. As the motion judge properly concluded, the credentials of the authors do not speak to whether the publications are commonly used or relied on by otolaryngologists. As such, the evidence was properly excluded as it did not fall within the hearsay exception set forth in G. L. c. 233, § 79B.
2. Learned treatises. The plaintiff further argues that the medical publications were admissible under the learned treatise hearsay exception, G. L. c. 233, § 79C. See Mass. G. Evid. § 803(18)(A) (2018).
General Laws c. 233, § 79C, inserted by St. 1965, c. 425, provides, in pertinent part:
"Statements of facts or opinions on a subject of science or art contained in a published treatise, periodical, book or pamphlet shall, in so far as the court shall find that the said statements are relevant and that the writer of such statements is recognized in his profession or calling as an expert on the subject, be admissible in actions of contract or tort for malpractice, error or mistake against physicians, surgeons, dentists, optometrists, hospitals and sanitaria, as evidence tending to prove said facts or as opinion evidence."
The biographical information of the author of a medical publication alone cannot "serve as the basis of [a] judge's finding that the writer of a relevant statement in the text has the required professional standing." Reddington v. Clayman, 334 Mass. 244, 247 (1956). However, a party may use the testimony of an opponent witness to establish that the author of a publication is a recognized expert in a particular field. See Thomas v. Ellis, 329 Mass. 93, 98, 100 (1952).
Here, the plaintiff attempted to establish the expertise of the authors of the medical publications via documents containing the biographical information of the various publication authors. In doing so, the plaintiff failed to provide sufficient evidence to prove that the authors were recognized as experts on the subject. See Reddington, supra. When asked by the motion judge whether he intended to introduce the publications through a witness, the plaintiff replied that he did not intend to do so. Thus, although the plaintiff could have sought to introduce the publications via the testimony of the defendant, he explicitly indicated that he had no intention of doing so. The evidence was thus properly excluded.
Conclusion. As stated above, the plaintiff failed to meet the evidentiary requirements of both G. L. c. 233, § 79B, and G. L. c. 233, § 79C. The motion judge properly allowed the defendants' motion to dismiss on the basis that the exclusion of that evidence rendered the plaintiff unable to prove the elements of duty and breach in his medical malpractice action.
Judgment affirmed.

The plaintiff did not provide this court with a copy of his complaint.

The plaintiff failed to submit to this court copies of his motions in limine.